UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARIEL SUMNER,

        Plaintiff,

    v.

SACRED HEART MEDICAL CENTER, non-profit Washington public benefit corp.,

        Defendant.

NO. CV-04-0285-EFS

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING AS MOOT PLAINTIFF'S MOTIONS, ENTERING JUDGMENT, AND CLOSING FILE**

A hearing was held in the above-captioned case on September 28, 2005. The Defendant was represented by Michael Love, and Plaintiffs were represented by Patrick Kirby and Nicholas Kovarik. Before the Court were Defendant's Motion for Summary Judgment, (Ct. Rec. 16), Plaintiff's Motion for Summary Judgment Re: Ms. Sumner's ADA Disability, (Ct. Rec. 29), Plaintiff's Motion to Strike, (Ct. Rec. 33), and Plaintiff's Motion to Exclude the Expert Testimony of Dr. Joseph Moisan, (Ct. Rec. 34). After reviewing the submitted materials, oral argument, and relevant case and statutory law, the Court was fully informed. This Order serves to supplement and memorialize the Court's oral ruling granting the Defendant's Motion for Summary Judgment and denying as moot Plaintiff's motions.

ORDER ~ 1

**A.   Joint Undisputed Facts**[1]

Plaintiff Mariel Sumner was formerly employed as an Assistant Nurse Manager on the 7 North unit at Sacred Heart Medical Center ("SHMC") in Spokane, Washington.  Ms. Sumner took and was given a medical leave of absence from her duties at SHMC from July 7, 2003, through September 16, 2003, due to a hysterectomy.

On September 16, 2003, Ms. Sumner met with Virigina "Pinkie" Hutton at SHMC, after returning from her medical leave of absence with a note from her doctor releasing her to work with a 30-pound lifting restriction.  The 30-pound lifting restriction is permanent.  The Assistant Nurse Manager Description lists a physical requirement of occasionally lifting up to 50 pounds.  Ms. Hutton informed Ms. Sumner, because of her lifting restriction, she was not qualified to work as an Assistant Nurse Manager.  Ms. Hutton directed Ms. Sumner to Bob Hebner, SHMC's Nurse Recruiter, to inquire as to whether SHMC had any other openings that Ms. Sumner was qualified for.  Ms. Sumner met with Mr. Hebner on September 16, 2003.

SHMC posted openings for a Neonatal ICU Registered Nurse on April 6, 2004, and September 24, 2004, and for a Nurse Case Manager on January 5, 2004, March 25, 2004, August 31, 2004, and February 11, 2005.  Ms. Sumner did not contact SHMC about or apply for any of the above openings. SHMC has not contacted Ms. Sumner about a position or offered her any nursing or non-nursing jobs at SHMC since September 16, 2003.

---

[1] The parties submitted a Joint Statement of Uncontroverted Facts on August 8, 2005, (Ct. Rec. 57).

ORDER ~ 2

Ms. Sumner does not currently have a mental or physical impairment that substantially limits a major life activity. Ms. Sumner has been working as an infusion nurse at Rockwood Clinic since October of 2003. She has not sought treatment for any physical or mental symptoms since September 16, 2003.

Ms. Sumner's Charge of Discrimination against SHMC was received by the Washington State Human Rights Commission ("WSHRC") on June 16, 2004. The Equal Employment Opportunity Commission ("EEOC") received the signed charge from WSHRC on July 7, 2004. Ms. Sumner filed this lawsuit on August 9, 2004, (Ct. Rec. 1), alleging that based upon her 30-pound lifting restriction, SHMC believed she was disabled in the major life activity of working and, as a result, believed she was incapable of performing any tasks in the nursing field and failed to offer alternative work.

**B.   Summary Judgment Standard**

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The party seeking summary judgment must show that there is an absence of disputed issues of material fact and that he is entitled to judgment as a matter of law. FED. R. CIV. PROC. 56(c). In other words, the moving party has the burden of showing that no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.,* 677 F.2d 1301, 1306 (9th Cir. 1982).

The court is to view the facts and draw inferences in the manner most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999).

A burden is also on the party opposing summary judgment to provide sufficient evidence supporting his claims to establish a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 252; *Chaffin,* 186 F.3d at 1213. "[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the non[-]moving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson,* 477 U.S. at 249, 252).

**C.   Failure to Exhaust Administrative Remedies**

SHMC seeks to dismiss Ms. Sumner's claim for failing to exhaust her administrative remedies by timely filing her discrimination claim with the EEOC. Ms. Sumner argues an extended federal filing period is applicable to her situation, submitting the filing period was extended from 180 days to 300 days. The Court finds Ms. Sumner failed to timely file her claim because the applicable filing period was 180 days given that Washington's Human Rights Commission does not have jurisdiction over SHMC.

The Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101-12203, contains the identical requirements for filing an administrative charge of discrimination with the EEOC as the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e. 42 U.S.C. § 2000e-5; *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir. 1999).

ORDER ~ 4

Accordingly, for a federal court to have subject matter jurisdiction over ADA claims, the plaintiff must have exhausted all administrative remedies. *Bonilla*, 194 F.3d at 277; *Vasquez v. City of Los Angeles,* 349 F.3d 634, 644 (9th Cir. 2003). A plaintiff exhausts her administrative remedies by timely filing her charge with the EEOC or the appropriate state agency. 42 U.S.C. § 2000e-5(b). The general rule is a plaintiff must file a charge with the EEOC within 180 days. *Id.* § 12117(a). However, federal law states the time period for filing may be extended from 180 days to 300 days in jurisdictions that have a state agency with subject matter jurisdiction over the charge. *Id.*; 29 C.F.R. § 1601.13(a)(4)(ii)(A). The statute specifically states:

> A charge under this section shall be filed *within one hundred and eighty days* after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, *except* that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved *within three hundred days* after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.S. § 12117(a) (emphasis added).

Plaintiff argues, citing to the Washington Workshare Agreement and *EEOC v. Commercial Office Products Co.*, 486 U.S. 107 (1988), because Washington has such an agency, her claim is timely. Plaintiff is correct that in Washington charges for employment discrimination may be reviewed

ORDER ~ 5

by the WSHRC. R.C.W. § 49.60.010; (Ct. Rec. 44-3: WorkShare Agreement). However, the parties do not dispute that WSHRC does not have jurisdiction over SHMC, a non-profit religious organization.[2] R.C.W. § 49.60.040(3). Accordingly, WSHRC does not have jurisdiction over claims involving SHMC. Therefore, this extended filing period is not applicable to Plaintiff's claim. Rather, 29 C.F.R. § 1601.13(a)(2) is applicable:

> A jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

29 C.F.R. § 1601.13(a)(2).

Plaintiff contends this rule does not apply, pointing to the following Workshare Agreement provisions:

> In order to facilitate the assertion of employment rights, the EEEC and the [WSHRC] each designate the other as its agent for the purpose of receiving and drafting charges . . .
> 
> . . .

---

[2] R.C.W. § 49.60.040(3) defines "employer" as including: "any person acting in the interest of any employer, directly or indirectly, who employs eight or more persons, and does not include any religious or sectarian organization not organized for private profit." SHMC provided an affidavit from Roger Chase, its Vice President/General Counsel and Assistant Secretary for Providence Health Care d/b/a SHMC, who states that SHMC is a separate Washington nonprofit corporation exempt from federal income taxes under § 501(c)(3) of the Internal Revenue Code. (Ct. Rec. 50-1 at 1 & 2.)

ORDER ~ 6

> The [WSHRC] shall take all charges alleging a violation of . . . the ADA where both [the WSHRC] and EEOC have mutual jurisdiction, or where EEOC only has jurisdiction as long as the allegations meet the minimum requirements of those Acts, and for charges specified in Section III.A.1. below, or where EEOC only has jurisdiction refer them to the EEOC for initial processing.

(Ct. Rec. 44-4 at 8 & 9: Kirby Aff., Exhibit A at 28 & 29.) The Court does not agree with Plaintiff's position that the Workshare Agreement provides the WSHRC with jurisdiction to hear Plaintiff's claims, as these cited provisions merely allow the WSHRC to act as an agent for the EEOC. In fact, the Workshare Agreement specifically states, "[t]his delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge," as well as "the EEOC will initially process the following charges: . . . [a]ll disability-based charges which may not be resolved by the FEPA in a manner consistent with the ADA." (Ct. Rec. 44-4 at 9 & 10.) Accordingly, the Workshare Agreement recognizes there are disability-based claims which the WSHRC cannot resolve. For these reasons, although the Workshare Agreement allows the WSHRC to operate as an agent of the EEOC, it does not provide jurisdiction over charges against a non-profit religious organization. Given that SHMC is a private religious organization, the WSHRC did not have authority over Plaintiff's claims. It could accept service on behalf of the EEOC, but because the WSHRC did not have authority over Ms. Sumner's claims, the 180-day filing requirement applied. Accordingly, her claims are untimely and this Court does not have jurisdiction.

ORDER ~ 7

The Court finds this holding consistent with *EEOC v Commercial Office Products Co.*, 486 U.S. 107, 113 (1988). In *Commercial Office Products Co.*, the agency had jurisdiction over the claim and, therefore, the extended federal filing period applied. *Id.* at 123. However, in this case, the WSHRC did not have jurisdiction over Ms. Sumner's claim and, as a result, the 180-day-time limit applies. It is important to note *Commercial Office Products Co.* does state the 300-day-filing period is merely an exception to the rule:

> As a general rule, a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice. If a complainant initially institutes proceedings with a state or local agency *with authority to grant or seek relief from the practice charged*, the time limit for filing with the EEOC is extended to 300 days.

*Id.* at 110 (citations omitted) (emphasis added).

Accordingly, the analysis in *Commercial Office Products Co.* does not alter the Court's finding that the 300-day federal filing period is not applicable to Ms. Sumner's claim given that SHMC is excluded from the WSHRC's jurisdiction. As a result, Ms. Sumner's administrative claim is untimely. Ms. Sumner's employment with SHMC was terminated on September 16, 2003. She filed her complaint with WSHRC on June 16, 2004, which was 274 days after the alleged violation. (Ct. Rec. 19-7 at 2.) The EEOC received Ms. Sumner's signed EEOC Affidavit and charge from the WSHRC on July 7, 2004, which was 295 days following Ms. Sumner's employment termination. Because she failed to file her charge with either the WSHRC or the EEOC until more than 180 days after the violation, she failed to

ORDER ~ 8

exhaust her administrative remedies and, as a result, the Defendant's motion for summary judgment is granted.[3]

**D.  Remaining Issues**

Because the Court does not have jurisdiction, it cannot address the merits of Plaintiff's Americans with Disabilities Act claim. Furthermore, the Court is unable to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a); *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1040 (9th Cir. 2004). Therefore, the Court denies as moot Plaintiff's motions.

For the above stated reasons, **IT IS HEREBY ORDERED**:

1.  Defendant's Motion for Summary Judgment, **(Ct. Rec. 16)**, is **GRANTED.  Judgment is to be entered in Defendant's favor**.

2.  Plaintiff's Motion for Summary Judgment Re: Ms. Sumner's ADA Disability, **(Ct. Rec. 29)**, Plaintiff's Motion to Strike, **(Ct. Rec. 33)**, and Plaintiff's Motion to Exclude the Expert Testimony of Dr. Joseph Moisan, **(Ct. Rec. 34)**, are **DENIED AS MOOT**.

---

[3]  Although the application of the 180-day timeline appears strict and unfair, the Supreme Court stated in *Mohasco Corp.*, 447 U.S. at 835, that:

> [t]he unfairness argument is based on the assumption that a lay person reading the statute would assume that he had 300 days in which to file his first complaint with either a state or federal agency. We find no merit in this argument. We believe that a lay person would be more apt to regard the general obligation of filing within 180 days as the standard diligence he must satisfy, and that one who carefully read the entire section would understand it to mean exactly what it says.

*Id.* at 825.

ORDER ~ 9

**IT IS SO ORDERED.**  The District Court Executive is directed to

(A)   Enter this Order; and

(B)   Prepare and enter **JUDGMENT** in favor of Defendant; and

(C)   Provide copies of the Order and Judgment to the parties; and

(D)   **CLOSE THIS FILE.**

**DATED** this ___30th___ day of September, 2005.


                        s/Edward F. Shea
                        EDWARD F. SHEA
                United States District Judge

Q:\Civil\2004\0285.msjs.wpd

ORDER ~ 10