UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIEL SUMNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRED HEART MEDICAL CENTER,<br>non-profit Washington public<br>benefit corp.,<br><br>　　　　　Defendant. | NO. CV-04-0285-EFS<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION** |

　　Before the Court is Plaintiff's Motion for Reconsideration (Ct. Rec. 73) of the Court's September 30, 2005, Order granting Defendant's motion for summary judgment. Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988). After reviewing the submitted material and cited legal authority, the Court does not find reconsideration appropriate.

　　The Court granted Defendant's summary judgment motion, finding Ms. Sumner failed to exhaust administrative remedies because her complaint

ORDER ~ 1

with the EEOC was untimely. (Ct. Rec. 71.) As explained below, the Court abides by its decision that the 180-day-filing deadline applied, clarifying the Washington agency did not have "authority to grant or seek relief from such practice" and, therefore, under 42 U.S.C. § 2000e-5(e)(1),[1] Ms. Sumner had 180 days to file her claim.

R.C.W. § 49.60.120(4) provides the Washington State Human Rights Commission (WSHRC) with authority "to receive, impartially investigate, and pass upon complaints alleging unfair practices as defined in this chapter." This authority is limited to unfair practices involving an "employer." Under the enabling statute, "employer" is defined as: ". . . any person acting in the interest of an employer, directly or indirectly, who employs eight or more persons, and *does not include any religious or sectarian organization not organized for private profit*." R.C.W. § 49.60.040(3) (emphasis added). Section 49.60.120(7), which allows the WSHRC to work jointly with the EEOC, also specifically limits the WSHRC's authority to claims that would constitute an unfair practice by an employer:

> . . . the powers which may be exercised by the commission under this subsection permit investigations and complaint dispositions *only if* the investigations are designed to reveal, or the *complaint deals only with, allegations which, if proven, would constitute unfair practices under this chapter*. The commission may perform such services for these agencies and be reimbursed therefor.

*Id.* § 49.60.120(7) (emphasis added).

---

[1] In the original order, the Court erroneously cited to 42 U.S.C. § 12117(a) when quoting 42 U.S.C. § 2000e-5(e)(1).

ORDER ~ 2

Thus, even though, "[i]t is an unfair practice for any employer: . . . (2) To discharge or bar any person from employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or *physical disability* . . .," *Id.* § 49.60.180 (emphasis added), SHMC is not an "employer" under the Washington enabling statute. Accordingly, the Court concludes the WSHRC is not a state agency "with authority to grant or seek relief from [SHMC's alleged unfair] practice." *See* 42 U.S.C. § 2000e-5(e)(1). Therefore, as stated in its previous Order, the Court finds the regulations clearly specify the 180-day-filing period applies:

> A jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or *does not cover nonprofit organizations*) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission *within 180 days from the date of the alleged violation*.

29 C.F.R. § 1601.13(a)(2) (emphasis added).

Again, the Court finds its conclusion consistent with *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 122-23 (1988), and *Laquaglia v. Rio Grand Hotel and Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999). The Court is looking to the enabling statute to determine whether the WSHRC has "authority to grant or seek relief," and the Court finds the enabling statute clearly specifies that the WSHRC did not have subject matter jurisdiction over Ms. Sumner's claims against SHMC.

The Court acknowledges the determination of whether the state agency is one "with authority to grant or seek relief from such practice" may lead to a "checker-board effect," however, this 180-day-filing period is

ORDER ~ 3

specifically imposed by 42 U.S.C. § 2000e-5(e)(1) in connection with Washington's enabling statute. Accordingly, for the above reasons, **IT IS HEREBY ORDERED:** Plaintiff's Motion for Reconsideration **(Ct. Rec. 73)** is **DENIED.**

   **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

   **DATED** this ___25th___ day of October, 2005.


                            S/ Edward F. Shea
                            EDWARD F. SHEA
                            United States District Judge


Q:\Civil\2004\0285.reconsid.wpd

ORDER ~ 4